No. 14-15-00571-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

DEC 29 2015

CHRISTOPHER A. PRINE
CLERK

# IN THE FOURTEENTH COURT OF APPEALS
# HOUSTON, TEXAS

LOYD LANDON SORROW
Appellant

V.

HARRIS COUNTY, etal
Appellee

On Appeal from the 412th District Court

Brazoria County, Texas, Cause No. 74003-I

Supplementation on a New Matter
and Reply Brief

Loyd Landon Sorrow #1134905
C.T. Terrell Unit - 1 Boot #16
1300 F.M. 655
Rosharon, Texas 77583

# IDENTITY OF PARTIES AND COUNSEL

## Plaintiff - Appellant

LOYD LANDON SORROW #1134905
C.T. Terrell Unit - 1 Boot #16
1300 FM 655
Rosharon, Texas 77583
Pro Se

## Defendant - Appellees

- Harris County, et al;
- Harris County Sheriff Department, Sheriff etal, individual and official capacities;
- Harris County Sheriffs Departments Mental Health Division etal;
- Harris County Sheriffs Departments Medical Division, Dr. Seal etal;
- Harris County District Prosecuting Attorney, individual and Official capacities, etal.

Vince Ryan
Harris County Attorney
Of Counsel at Trial and on Appeal

B. Jorey Herrscher
Assistant County Attorney
Trial Counsel for Defendant - Appellees

Keith A. Toler
Assitant County Attorney
Appellate Counsel for Appellees

Harris County Attorney's Office
1019 Congress, 15th Floor
Houston, Tx. 77583

ii

# TABLE OF CONTENTS

PAGE

Identity of Parties and Councel . . . . . . . . . . . . . . . . . . . . . ii.

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii.

Index of Authorities . . . . . . . . . . . . . . . . . . iii, iv, v, vi.

Statement Regarding Transcript Records . . . . . . . . . . . vi.

Statement Regarding Oral Argument . . . . . . . . . . . . . . vi.

Statement of the Case . . . . . . . . . . . . . . . . . . . . . vi.

Statement of Facts . . . . . . . . . . . . . . . . . . . . . vi, vii.

New Matter . . . . . . . . . . . . . . . . . . . . . vii, 2, 3, 4, 5, 6.

New Supreme Court Case, Reply . . . . . . . . . . . . vii, 6, 7, 8.

Arguments . . . . . . . . . . . . . . . . . . . . . . . . , 2 - 9.

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.

Unsworn Declaration . . . . . . . . . . . . . . . . . . . . . 10.

Service . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.

Attachments Rear .

# INDEX OF AUTORITIES

Cases                                                          PAGE

Alamo Work Force Development, Inc. v. Van
    21 S.W. 3d. 425 . . . . . . . . . . . . . . . . . . . . . 6.

Begs v. Texas Dept. of M. H. M. R. A.
    496 S.W. 2d. 252 (Tex. Civ. App. - San Antonio 1973). . . . . . 8.

CASES       INDEX OF AUTHORITIES       PAGE

Black v. Johnson,
   82 S.W.3d. 44 (Tex. App.- Tyler 2002, no pet). . . . . . . . . 9.

City of Dallas v. Heard,
   252 S.W.3d. 98 ( App. 5 Dist. 2008 Review denied, Rehearing
   pet. for Review denied) . . . . . . . . . . . . . . . . . . . 7.

County of Cameron v. Brown ,
   80 S.W.3d. 549 ( Tex. 2002). . . . . . . . . . . . . . . . . 8.

Greator Houston Transportation Co. v. Phillips,
   801 S.W. 2d. 523 (Tex. 1990). . . . . . . . . . . . . . . . . 5.

Hellena Chemical Co. v. Wilkin,
   47 S.W.3d. 486 (Sup. 2001). . . . . . . . . . . . . . . . . . 3.

Jansen v. Fitzpatrick,
   14 S.W.3d. 426 (Tex. App.-Houston [14th Dist.],
   2000 No pet.). . . . . . . . . . . . . . . . . . . . . . . . 9.

Loyd v. Eco Resources Inc.,
   956 S.W.2d. 110 ( Tex. App.-Houston [14th Dist.] 1987). . . . 5.

Mossler v. Shields,
   818 S.W.2d. 752 (Tex. 1991). . . . . . . . . . . . . . . . . 9.

State v. Benevides,
   772 S.W.2d. 271 ( Tex. App.-Corpus Chaisti ; 1989 writ denied). . . 9.
Standard Save and Loan v. Miller 114 SW2d. . . . . . . . . . 9.
Texas Dept. of M.H.M.R.A. v. Petty,
   817 S.W.2d. 707 (writ granted, affm'd, 848 2d. 680 writ overruled). 7.


    Federal Case


Heck v. Murphy,
   977 F.2d 355. . . . . . . . . . . . . . . . . . . . . . . . 9.

Supreme Court      INDEX OF AUTHORITIES        PAGE
Case

YATES V. UNITED STATES
    574 U.S. ___ (2015) . . , . , . . . . . . . . . . . . 6,8.


Statutes

Texas Civil Practice and Remedies Code,
    §§ 101.001 (2), (3), (A), (B), (C), (D), (5). . . . . . . . . . . .5.

    §§ 101.021 (1) . . . . . . . . . . . . . . . . . .7.

    §§ 101.021 (2) . . . . . . . . . . . . . . . . 6,7.

    §§ 101.056 . . . . . . . . . . . . . . . . . . .2.

    §§ 101.056 (2) . . . . . . . . . . . . . . . . .5,6.

Texas Code of Criminal Procedure,
    Art. 2.03 . . . . . . . . . . . . . . . . . . .6.

    Art. 16.22 (a). . . . . . . . . . . . . . . . . .4,6.

    Art. 46 B. . . . . . . . . . . . . . . . . . . .2,6.

Texas Government Code
    Sec. 311.016 (1),(2),(3),(4),(5),(6),(7). . . . . . . . .3.

Texas Health and Safty Code
    Sec. § 571.003. . . . . . . . . . . . . . . . . .3.

    Sec. § 611.005 (a),(b),(c). . . . . . . . . . . . . .2,4.

    Sec. § 611.006 (a),(1),(4),(5),(7),(8),(11). . . . . .2,6.

    Sec. § 611.006 (b). . . . . . . . . . . . . . . .2.

STATUTES INDEX OF AUTHORITIES PAGE

Texas Health and Safty Code,
Sec. § 611.045 (a),(b),(c),(d),(e),(f),(g),(h),(i),(j),(k) . . . . . . . 2,6.

Texas Penal Code,
Sec. 8.03 (a) . . . . . . . . . . . . . . . . . . 8.

Sec. 22.021 (a),(2),(A),(vi) . . . . . . . . . . . . 8.

Texas Rules of Civil Procedure,
Rule #590 . . . . . . . . . . . . . . . . . . 2.

## STATEMENT REGARDING
## TRANSCRIPT RECORDS

ON Record please find the Habeas Corpus Petitions in the Cause of #874978, which is the only Remaining Medical and Mental Health Records available for Review and Referred to by page Numbers

## STATEMENT REGARDING
## ORAL ARGUMENT

Oral Argument Requested, personal, and verbal explanations, on mental health issues, and for Record.

## STATEMENT OF THE CASE

Appellant appeals the district court's order granting Summary judgment to Harris County et al, for lack of Subject matter jurisdiction.

## STATEMENT OF FACTS

This civil Action stems from Harris County's failure to provide statutory provided safe gaurds in vio –

vi.

lation to my Due Process Rights, and Cruel and Unusual punishment provisions of United States Constitution, while under their gaurdianship as a pre-trial detainee, and after care upon release, being an out of state citizen.

## NEW MATTER

The appellant has recognized a new matter in controversie of the issue of a waiver of immunity, depriving the court of subject matter jurisdiction.

The new matter is found in the Texas Civil Peactice and Remedies Code § 101.056 this statute applies to Texas Code of Criminal Procedure § 16.22 (a), and Texas Health and Safty Code § 611.006 (7).

## NEW SUPREME COURT CASE

Appellant has only now been able to review the New Supreme Court case Yates v. U.S. 574 – U.S. ___ (2015).

Appellant believes this case could be used when considering the statutes that give this case a cause of action, by their congressional intent.

No. 14-15-00571-CV

IN THE FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS

LOYD LANDON SORROW
Appellant

v.

HARRIS COUNTY, etal
Appellee

On Appeal From the 412th District Court
Brazoria County, Texas, Cause No. 79003-I

Supplementation on a New Matter
and Reply Brief

To the Honorable Justices of the Fourteenth Court of Appeals;

   Appellant respectfully supplements his original Brief on Appeal, in accordance to Texas Rules of Appellete Proceedure 38.6(c) and 38.7 and Texas Rules of Civil Proceedure-#590, because a new supreme court case was only now available for reveiw, and has brought about a New matter, at which appellant request a denial of Summary Judgment and Remand for Trial.

# NEW MATTER

In accordance to Texas Rules of Civil Procedure #590 I would like to bring forward a new matter concerning the subject matter jurisdiction of the Trial Court's ability to entertain this suit under the Texas Health & Safty Code 611.045 (a) — (k), (Harris County refused to release a complete Medical and Mental Health Records between 2001 — 2011, at which they destroyed 1 year early than prescribed by their own policies), and 611.005 (a), (b) and (c), (which are "Special" Legal Remedies for Improper Disclosure or Failure to Disclose Confidential Records), and 611.006 (a), (1), (4), (5), (7), (8), (11) and (b), (which provides the Ministrial Duty to the Sheriffs Dept. found in Texas Code of Criminal Procedure Art. 16.22 and 46.B, these are "Mandatory Laws").

The New matter is Texas Civil Practice and Remedies Code 101.056 which plainly states - Descretionary Powers - This chapter does not apply to a claim based on; (1) the failure of a governmental unit to perform an act that the unit is not required by law to perform; or a governmental unit's decision on the performance or non-performance of an act if the law leaves performance or non-performance of the act to the discretion of the governmental unit.

The non-performance of Texas Code of Criminal Procedure 16.22 and 46.B violate Texas Health & Safty Code § 611.006(a)(7) (Any criminal proceeding, as other wise provided by law), art. 16.22 is plain when it says Not Later Than 72 hours after recieving evidence or a statement that may establish reasonable cause to believe that the defendant committed to the sheriffs custody has a mental illness the sheriff shall notify a magistrate of that fact.

A defendant's behavior or the result of a prior →

2.

evaluation indicating a need for referral for further mental health assessments __Must be__ considered in determining whether reasonable cause exsists to believe the defendant has a mental illness. On a determination that there is resonable cause to believe that the defendant has a mental illness, the magistrate __shall__ order an examination, of the defendant by the local mental health authority or another disinterested expert experienced and qualified in mental health to determine whether the defendant has a mental illness as defined by Section 571.003 Health and Safty Code.

Legislature gave definition to mandatory language. see; Texas Government Code §311.016 "May, Shall, Must"; etc. — The following constructions apply unless the context in which the word or phrase appears necessarily requires a different construction, or unless different constructions is exspressly provided by statutes; (1). "May" creates dictionary authority or grants permission or power. (2). "Shall" imposes a duty. (3). "Must" — creates or recognises a condition precedent. (4). Is entitled to" creates or recognises a right. (5). "May Not", imposes a prohibition and is synonymous with Shall Not". (6). Is not entitled to", negates a right (7). "Is not Required to" Negates a duty or condition precedent. See; Helena Chemical Co. v. Wilkin (Sup. 2001) 47 S.W.3d. 486 says; Word "Must" in a statute is given a mandatory meaning when followed by a Non-compliance penalty.

I now request this Court of Appeals to review pages provided by Harris County Attorney Office of the appellant's Habeas corpus Records in the cause of __874978__. These Habeas petitions have the appellant's only surviving Medical and Mental Health Records due to Harris County's premature destruction or spoilation of evidence for this civil action. see; Transcript pages #40 and

3.

143 (Please note the title and ownership of this document and the Dates, also the written statements recording a mental illness, and the medication/anti-psycotic drug used for major depression), see; #145 and 146 (dated May 3, 2002 - Referred to Mental Health and Mental Retardation Authorities, see; Elavil - Irritability and on 146 - Dated Sept. 5, 2002 Recording episodic lightheadedness, memory lapses? auditory and visual hallucinations, and again referred to Mental Health Authorities,) also see. #177 (This is dated on April 19, 2001 it shows I am a out of state pretrial detainee from West Virginia, which is required to file this law suit under the Texas Health & Safty Code § 611.005 (a) ).

(Please know these medical records are "on record" in this case).

On page #143, Harris County Sheriff's Office - Medical Division - Health Assessment - M023- (12/00) Form, dated May 15, 2001, Medical History and Review of Systems - #5 Mental Problems (Institutional Care) yes ✓ No ___ - 5. 1996 depression/Elavil

On page #40, (Same Harris County Document) dated September 06, 2002 and again on #5 Records Mental Problems yes ✓ No ___, 5. 1990's depression/anxiety.

For one year or so, medical and mental health documental information, information was withheld, omitted or negligently misused, misapplied, inadvertantly or on purpose from the magistrate as was prescribed by law.

Later this same documental mental health and medical informations were submitted to me by many request however and but incomplete. (Please see Letter attached at rear from Ms Darla Price).

## ARGUMENT

Since Harris County Sheriff's Dept. falls within the definition and boundries of (Texas Civil Prac-

4.

tice and Remedies Code §§ 101.001 (2) "Employee", means a person, including an officer or agent in paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of a independent contractor or person who performs tasks the details of which a governmental unit does not have a legal right to control.

(3). "Governmental Unit" means (A) this State and all the several agencies of government that collectively constitute the government of this state, including other agencies bearing different designations and all departments, bureaus, boards, commisions, offices, agencies, councils, and courts. (B) a political subdivision of this State, including any city, county, school district, irrigation district (etc, etc). (C) emergency service organization. (D) any other institution, agency or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by legislature under the Constitution.

(5) "Scope of Employment" means an agency, board commission, department or office, other than a district created by Art. XVI sec. 59 of the Texas Constitution, or a statute of this State.) they have and had a "ministrial duty" to abide by the Texas Code of Criminal Procedure 16.22 (a), during the formentioned one year (plus), of many suggestions, documental recordings, examinations, mental health and mental retardation referrals by their own Dr. Seal. Id. 16.22 is clear when it says "Not later than 72 hours"

The exsistence of a Legal duty, is a question of law to be decided, and if a constitution infraction has occurred. see; Greater Houston. Transportation. Co. v. Phillips 801 S.W.2d. 523, 525 (Tex 1990).

I would like to introduce Loyd v. Eco Resources, Inc. 956 S.W.2d 110 at 124 [19-24] - Soveriegn Immunity is not waived under Texas Torts Claims Act for discretionary acts, Texas Civil Practice and Remedies

5.

Code § 101.056 (2) (VERNON 1997). Since Harris County failed to provide the mandatory protection statute of Id. 16.22, and 16.22 is very distinct in its language, and leaves no discretion for the actor to consider, Harris County is not immune from this civil action, because it was the proximate cause of my injuries, and the employee worked outside of the law. see; Alamo Workforce Development, Inc v. Van 21 S.W. 3d. 428 at 434-35

Harris County is not immune and Brazoria County District Court has subject mater jurisdiction, and the appellants Due Process Rights have been violated for a neglect of a mandatory duty, which is a crime in this State. see, Texas Code of Criminal Procedure Art. 2.03.

## APPELLANTS REPLY
## TO APPELLEES BRIEF

The Supreme Courts new decision in Yates v. United States 574 U.S.____ (2015), is Relevant to the issues at hand.

Are Harris County Sheriffs Medical and Mental Health Assessment Documents "tools of trade", within the definition of Texas Civil Practice and Remedies Code §101.021 (2), when applied to Texas Health and Safty Codes §611.045 (a), (k) and §611.005 (a), (b), (e) and § 611.006 (a), (4), (7), (8), for a violation of Texas Code of Criminal Procedure Art. 16.22 (a) and 46.B. "Tangible Object v. Tangible Property".

## ARGUMENT

The statutes above all pertain to Documents, Records, Information, Examinations, Reports, these are Tools used for many different statutory purposes, and like in Yates, fish are not included as Tangible Property, or Object within the mean-

ing of §101.021(2) in comparison to 18 USC. § 1519, because 101.021(1) speaks of motor-driven vehicles or equiptment and so it would be safe to say §101.021(2) would be speaking of all other types of tangible property or real property such as individual treatment plans, mental status examinations, evaluations, diagnoses, interdisiplinary team staffing, reports and progress notes, all of these are tools that constitute "tangible property". See; Texas Dept. of M.H.M.R.A. v. Petty 817 S.W.2d 707 writ granted, affmd. 848 S.W.2d. 680 Reh. overuled.

Petty recieved wrong readings of evaluations where I recieved the neglect to use the evaluations, that trigger safegaurds to protect lives.

Ask Harris County to produce the document that should have been filed to the magistrate pursuant to §16.22(a) or, the mental health evaluations that were ordered by Dr. Seal, see Transcript pages 145 and 146.

Harris County failed to "use" their statutory provided tools of trade without regard to Texas Law, which caused the appellant to be shoved out of the County Jail without any medications, after-care or regard to his saftey, being placed in a Homeless Shelter, not returned to his home in West Virginia, waking up the following day face blistered, puss pockets inside of nose behind his ears, eyes swollen, dehydrated, and hungry, from sleeping on the concrete outside of the Star of Hope Mission because there was no room. They failed to use statutory safegaurds to protect my life, they could have just thrown me to hungry wolves.

It is decided in City of Dallas v. Heard (App. 5. Dist. 2008) 252 SW 3d. 98 Review denied, Rehearing of pet. for review denied that safty features required by law allows a suit to be filed, "for civil actions", could

7.

not it also be applied to "statutory" safty features placed by legislature to protect wards of the Harris County Sheriffs Dept. who suffer mental illnesses?

In Yates it insists that if traditional tools of statutory construction leaves any doubt of the meaning of "tangible object" or "tangible property" in this case, then it is appropriate to invoke the Rule of .lenity see; Pp. 18-19 of Yates, only instead of criminal liability the same - standards should also apply to civil liability.

Harris County concealed the facts that they were gaurdians of a pre-trial detainee suffering severe mental depression, and using powerful anti-psychotic and narcotic medications to treat their ward.

Texas Penal Code § 22.021 (a)(2)(A)(vi) says; if the person administers or provides flunitrazepam - otherwise know as Rohipnol, gamma hydroxy butyrate, or ketamine to the victim of the offense with intent of facilitating the commision of a offence; (c) disabled individual. What is the difference between this and Drug Induced Judicial Rape?

Whether the neglect of use and misuse of statutory documental tools of trade, or the use of drugs in judicial proceedings takes place both are criminal in nature. see; Texas Penal Code 8.03 (a) Mistake of Law.

In Begs v. Texas Dept. of M.H.M.R.A. 496 S.W.2d 252,254 (Tex. Civ. App. - San Antonio 1973) the word "USE" means to put or bring into action or service; to employ for or apply to a given purpose, which Harris County neglected to do in violation of the law.

When appellate Courts consider pleas to the jurisdiction, it **must** construe the pleadings in the favor of the plaintiff, and look to the pleaders intent. see; County of Cameron v. Brown 80 S.W.3d.549 ,555 (Tex.2002).

8.

# HECK

I would like to bring to the attention of the Court of appeals that the Heck Doctrine only applies to Federal 1983 Actions and to cases that challenge their convictions, **IF THE PLAINTIFFS HAVE FAILED TO EXHAUST HIS STATE REMEDIES**, which in this case can not apply to this lawsuit, all state remedies have been properly exhausted. see; Heck v. Murphrey 997 F.2d. 355.

# VENUE

The appellant objected to the original change of venue, and change of venue occurred anyway.
If the Brazoria District Court does not have Subject Matter Jurisdiction then neither did the Travis County Court because the transfer gives the same status to the case as if it had been originally instituted in that Court. see; Standard Save & Loans Ass'n v. Miller 114 S.W.2d. 1201, and so the the change is void, because Travis County could not change the venue without Subject Matter Jurisdiction. see; State v. Benevavides 772 S.W. 2d. 271 at 273 (Tex.App.-Corpus Christi 1989-writ denied).

# PREJUDICE

This case should not be dissmissed WITH Prejudice because if the Trial Court lacked subject matter jurisdiction it cannot render a judgment over the merits of the case. see; Black v. Jackson 82 S.W.3d. 44, 56 (Tex.App.-Tyler 2002 nopet); also in Jansen v. Fitzpatrick 14 SW3d.426,431 (Tex App.-Houston [14th Dist.] 2000 No pet.), a dissmissal with prejudice is a final decision on the merits. Id. Black and Fitzpatrick, also in Mossler v. Shields 818 S.W.2d. 752,754 (Tex. 1991)

## PRAYER

Appellant respectfully requests for a reversal of the Trial courts Judgment, and remand for a jury trial, and or any other relief available. Texas Rules of Appellate Procedure #43.

## UNWORN DECLARATION

I hereby declare under penalty of purjury do swear that all forementioned and all attached are true, and true copies of evidential exhibits.

_[signature]_
12-24-15

Loyd Landon Sorrow #1134905
C.T. Terrell Unit - Boot#16
1300 FM 655
Rosharon, Texas
77583

## SERVICE

I Loyd Landon Sorrow Apellant hereby certify, that a True and Correct copy has been sent to;

keith A. Toler                    ON 12-24-15
Asst. Atty. Harris County
1019 Congress, 15th FL.
Houston Texas
77002



**ADRIAN GARCIA**
Sheriff of Haris County
1200 Baker Street
Houston, Texas 77002-1206
www.hctx.net/so

Loyd London Sorrow - TDCJ# 1134905
C.T. Terrell Unit - Cell# A2 - 40
1300 F.M. 655
Rosharon, Texas 77583

Response to Letter dated 03/03/11

Mr. Sorrow, the medical records department received your letter on 3/23/11 requesting a complete copy of your inmate medical records, you also stated in your letter "For over 9 ½ years I have tried to retrieve copies of my medical and mental health care records ..."

Mr. Sorrow, first and foremost, please accept my sincere apology for the difficulty you experinced in trying to obtain copies of your medical records here at the Sheriff's Office. I would also like to point out that the inmate medical records includes all mental and medical service treatments you received while here at the jail.

My records indicate that we received a letter/request from you on 11/14/03 and the letter/request was sent back to you asking for more identifying information (SPN) in order to complete your request. On 12/18/03 we received a letter/request from you requesting copies of your medical records and we mailed a total of 14 pages to you on 12/23/03. Again on 1/8/04 we received a letter/request from you requesting copies of your medical records and we mailed a total of 35 pages to you on 1/14/04. We did not receive any requests from you in 2005, 2006, 2007 , 2008, 2009, or 2010.

After receiving your letter on 3/23/11 we contacting the Harris County Archives Records Center and was notified on 3/30/11 that your medical records were destroyed on 9/14/10 in accordance to state and federal guidelines.

Sincerely,

Darla Price, RHIA
Medical Records Manager
Harris County Sheriffs Office

3-30-11

I, Loyd London Sorrow, Do declare, under penalty of perjury, that this is true and correct textual copy of the original letter I received form the Harris County Sheriffs Office.

Executed this **24** day of **December** , **2015** .

Loyd London Sorrow, 1134905
Terrell Unit, 1300 FM 655 - 1Boot#/16
Rosharon, Texas 77583

12-24-15

Dear Clerk of Court,

Please find and present this my Suppliment and Reply Brief as soon as possible to the Honorable Justices of this 14th Court of Appeals.

"Sincerely";
Thanks!

Loyd L. Sorrow #1134905
C. T. Terrell Unit-1 Boot #16
1300 FM 655
Rosharon, Texas
77583

cc file 1 of 3

Loyd Landon Sorrow # 1139405
C, T. Terrell Unit ~ 1 Boot # 16
1300 FM 655
Rosharon, Texas
77583

Sexton
12-24-16

Fourteenth Court of Appeals
301 Fannin, Suite # 245
Houston, Texas
77002

FOREVER USA

FOREVER